99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus Maya TELLEZ, aka: Jesus Tellez Petitioner-Appellant,
v.
Ernest C. ROE, Warden, Respondent-Appellee.
 No. 95-56677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1996.*
Decided Oct. 21, 1996.
 
 Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Maya Tellez, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first degree murder and attempted murder on a theory of aiding and abetting. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]
 
 
 3
 Tellez raises three claims on appeal. First, he claims the district court erred when it held that he constitutional violation that resulted from the readback of trial testimony to the jury outside of his presence was harmless error. Second, he contends the district court erred when it held: 1) that Tellez's trial counsel was not ineffective for agreeing to the readback outside Tellez's presence; and 2) that appellate counsel was not ineffective for failing to challenge the readback on appeal. Third, he claims his appellate counsel was ineffective for waiving oral argument on appeal.
 
 BACKGROUND
 
 4
 Much of the evidence produced at trial was not disputed. On June 23, 1991, Tellez and his brother Arturo drove in Tellez's car to a park where their two cousins were picnicking. Arturo jumped out of the car and shot one cousin, Jose Tellez Vasquez. Vasquez lost consciousness after he was shot. Tellez then got out of the car and pointed to another cousin, Javier Tellez Garcia. Arturo chased Garcia, shooting at him several times and killing him. Tellez followed his brother during part of the chase. Afterwards, Tellez and Arturo returned to Tellez's car and drove away. Later, they were seen driving into the park and surveying the body of Jose Tellez Vasquez. The parties stipulated to long-standing animosity between the Tellez brothers and their cousins, and defense counsel conceded Tellez drove the car to the scene of the shootings, saw Arturo kill the cousins, and then drove Arturo away from the scene.
 
 
 5
 In response to a jury request during deliberations, the court reporter read back the testimony of Juana Ramirez Sanchez, the neighbor of Tellez's brother Arturo. Pursuant to a stipulation by his attorney, Tellez was not in court when Sanchez's testimony was read back to the jury. Sanchez had testified that she saw Tellez's car in front of Arturo's house on the day of murder.
 
 STANDARD OF REVIEW
 
 6
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994).
 
 DISCUSSION
 
 7
 I. The Readback of Sanchez's Testimony.
 
 
 8
 A defendant's absence from the readback of testimony constitutes "trial error" and the defendant's subsequent habeas petition is subject to the analysis set forth in Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Hegler v. Borg, 50 F.3d 1472, 1477 (9th Cir.), cert. denied, 116 S.Ct. 675 (1995).
 
 
 9
 In Brecht, the Supreme Court held that a trial error is harmless only if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637. We have required evidentiary hearings to determine if the out-of-presence readback error was harmless, except when "the record clearly indicate[s] that there [is] no prejudice." Turner v. Marshall, 63 F.3d 807, 815 (9th Cir.1995).
 
 
 10
 In Turner, the court remanded so the district court could conduct an evidentiary hearing on the harmless error issue. Id. at 815. The court found the "danger of prejudice was particularly high because the readback in question dealt with the testimony on the critical blood tests." Id. Thus, the court was unable to conclude from the record that the error was harmless. Id.
 
 
 11
 The instant case is distinguishable from Turner because the testimony read back to the jury out of Tellez's presence was not "critical." Neither the prosecution nor defense referred to this testimony in their opening statements or closing arguments. The testimony tended to establish that Tellez and his brother Arturo were together at some point on the day of the crime, which was merely cumulative of undisputed facts. In fact, defense counsel conceded that the dispositive issue in the case was whether Tellez had sufficient mens rea to support a finding of accomplice liability for charges of first degree murder and attempted murder.
 
 
 12
 Tellez was not prejudiced and an evidentiary hearing is not necessary. Even if Tellez was present in the courtroom, he would have had little ability to influence the readback process. Hegler, 50 F.3d at 1477. Moreover, even if the court reporter gave some improper inflection to the testimony during the readback, it could not have had a substantial or injurious impact on the verdict in light of the extremely limited substance of Chavez's testimony. The district court was correct in concluding the error was harmless.
 
 
 13
 II. The Ineffective Assistance Claims Regarding the Readback
 
 
 14
 of Chavez's Testimony.
 
 
 15
 Tellez contends he was denied effective assistance of counsel when his trial attorney stipulated to the readback outside Tellez's presence and when his appellate attorney failed to raise trial counsel's ineffectiveness on appeal. We reject this contention.
 
 
 16
 Tellez's claim of ineffective assistance of trial counsel arises from the "presence error" discussed above. Because the error was harmless, Tellez cannot establish that there is a reasonable probability the result of the proceeding would have been different without the error. See Strickland v. Washington, 466 U.S. 668, 688-89 (1984). Thus, Tellez's claim of ineffective assistance of trial counsel fails. Tellez's claim of ineffective assistance of appellate counsel arising from the identical "presence error" fails for the same reason.
 
 
 17
 III. The Waiver of Oral Argument Claim.
 
 
 18
 Tellez's claim of ineffective assistance of appellate counsel based on the alleged waiver of oral argument also fails. In California, appellate counsel may waive oral argument. See People v. Lang, 11 Cal.3d 134, 139 (1974). While oral argument may advance the appellant's cause in some instances, it is not one of the enumerated duties of appellate counsel. Id. Rather, appellate counsel must prepare a brief that sets forth the facts with citations to the transcript, discusses the legal issues with proper citations to authority, and raises all arguable issues. Id. Tellez has presented no evidence to suggest his appellate counsel did not fulfill these obligations. Accordingly, Tellez's counsel did not fall below the objective standard of reasonableness described in Strickland, 466 U.S. at 688-89.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal